## BRINA v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 2, 1910.)

**1.** FOOD (§ 14*)—FOOD AND DRUGS ACT—"MISBRANDING"—"SALAD OIL."

"Salad oil" prima facie means olive oil, and, in the absence of evidence that the term has recently acquired a more general meaning to include other oils, its use without further explanation on packages of cotton seed oil shipped in interstate commerce constitutes a misbranding in violation of Food and Drugs Act June 30, 1906, c. 3915, § 2, 34 Stat. 768 (U S. Comp. St. Supp. 1909, p. 1188).

[Ed. Note.—For other cases, see Food, Dec. Dig. § 14.*]

**2.** CRIMINAL LAW (§ 1036*)—WRIT OF ERROR—REVIEW.

The question whether there was sufficient evidence to warrant the submission of a criminal case to the jury cannot be raised for the first time in the appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2641; Dec. Dig. § 1036.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Guido Brina was convicted of a criminal offense, and he brings error. Affirmed.

This cause comes here on writ of error from a judgment of the Circuit Court, Southern district of New York, imposing a fine of $100 entered on verdict of a jury finding defendant guilty of a violation of the food and drug act of June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187). The offense charged was the shipment from New York City to Newark, N. J., of cotton seed oil contained in cans labeled (the Italian words in large type and the English words in small type) as follows:

"Ilio per Insalata, Sopraffino Vival.

"Brand, Cotton Salad Oil extra quality."

It was charged that the oil was misbranded in that the label failed to disclose to Italian purchasers ignorant of the English language that the oil was a cotton seed oil, and that it was calculated to mislead the purchaser and induce him to believe the cans contained olive oil.

Frank Wasserman, for plaintiff in error.

Henry A. Wise, U. S. Atty. (Goldthwaite H. Dorr and R. Stephenson, Asst. U. S. Attys., of counsel).

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The section declared on (section 2) imposes a penalty on "any person who shall ship or deliver for shipment from any state * * * to any other state * * * any article of food or drug so * * * misbranded." It was proved that the words "Olio per Insalata" mean "oil for salad" or "salad oil" and the trial judge held, and so charged the jury, that "as a notorious fact salad oil prima facie means olive oil," but allowed the defendant to show if he could that "it means something else because of recent events which have perhaps rendered olive oil more difficult to obtain, or that other food elements have come to be known as salad oil." No such proof was introduced,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the ruling is assigned as error. The Century Dictionary, Worcester's, Stormont's, Imperial, and the Encyclopedia all define "salad oil" as "olive oil." Webster's does not give any definition. We are satisfied that the trial judge quite properly charged, in the absence of any testimony of the sort suggested, that "salad oil prima facie imports olive oil; that is what the world has been accustomed to regard as salad oil."

The evidence showed that the articles complained of were sold and shipped by the "Standard Trading Co." of which defendant was an employé—its "manager." He negotiated the sale. It did not appear whether the concern was a corporation, or a firm, or an individual trading under this corporate name; nor whether the defendant had any interest in the concern other than as employé. It is contended that the Circuit Court should have directed a verdict of not guilty at the close of the case on the ground that there was not sufficient proof to sustain a finding that he personally shipped the goods or caused them to be shipped. The plaintiff in error is in no position to make such contention in this court. At the close of the government's case motion was made to dismiss the information upon several grounds; one of which was "that it has not been shown that the defendant Brina shipped these goods to any place out of the state." The motion was denied and exception reserved. Testimony was thereafter introduced by the defendant on the various issues in the case, part of it being directed to the matter of shipment. At the close of the case defendant renewed his motion to dismiss the information, but only "on the ground that it had not been shown by any evidence that the can which was used in this case deceived any of the public." This motion was denied, the court stating that it was "the only question for the jury." No objection was taken on the ground that shipment was not proved, nor was there any request to go to the jury on that question. There is, therefore, no exception in the case which raises the point now relied upon.

The judgment is affirmed.